

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00212-CV

---

YEVGENIA SHOCKOME, APPELLANT

V.

ROBERTO REYES, DARWIN MCKEE, AND TIMOTHY E. SHOCKOME, APPELLEES

---

On Appeal from the 201st District Court
Travis County, Texas
Trial Court No. D-1-GN-19-007363, Honorable Lora J. Livingston, Presiding

---

August 31, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Yevgenia Shockome, was declared a vexatious litigant on July 22, 2020, subject to a prefiling order which prohibits her from filing any new litigation in any Texas court without first obtaining permission from the local administrative judge. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.101 (granting trial courts authority to enter orders prohibiting vexatious litigants from filing new litigation without permission from the local administrative judge), 11.102 (outlining the procedure for obtaining permission from a local administrative judge); 11.103 (prohibiting a clerk of a court from filing a litigation,

original proceeding, or appeal by a vexatious litigant subject to a prefiling order without an order from the local administrative judge permitting the filing). Despite the prefiling order prohibiting Shockome from filing a new litigation, she filed a notice of appeal in this cause from the trial court's *Final Order*.[1]

Chapter 11 of the Civil Practice and Remedies Code requires courts to dismiss new actions filed by a vexatious litigant when the litigant fails to file an order from the local administrative judge permitting the filing of the new action. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.1035; *Leonard v. Paxton*, No. 03-19-00771-CV, 2020 Tex. App. LEXIS 3032, at *3–4 (Tex. App.—Austin Apr. 10, 2020, no pet.) (mem. op.) (dismissing appeal, after notice, because vexatious litigant failed to provide order permitting its filing). By letter of August 3, 2023, we admonished Shockome that this appeal was subject to dismissal unless she filed an order granting the required permission by August 14.

Shockome has filed a response but did not file an order from the local administrative judge. In her response, Shockome contends that this appeal is exempt from the prefiling order because it is a "direct appeal from a case originally filed in 2019, which preceded the [prefiling order]." A prefiling order, however, is immediately effective and applies to appeals from suits still pending when the prefiling order was issued. *See Morgan v. Shaw*, No. 02-19-00471-CV, 2020 Tex. App. LEXIS 3692, at *2–3 (Tex. App.—Fort Worth Apr. 30, 2020, no pet.) (per curiam) (mem. op.) (holding that a prefiling order applies immediately and prohibits an appeal from a matter pending in the trial court at the time the prefiling order was entered); *Yazdchi v. JP Morgan Chase Bank, N.A.,* No. 01-

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

17-00301-CV, 2017 Tex. App. LEXIS 4662, at *3–4 (Tex. App.—Houston [1st Dist.] May 23, 2017, no pet.) (per curiam) (mem. op.) (holding same).

Because Shockome is a vexatious litigant and has failed to file an order from the local administrate judge granting permission to file this appeal, we dismiss the appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.1035(b).

Per Curiam